UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN WINNINGHAM,<br><br>            Plaintiff,<br><br>      v.<br><br>ZACK WILLIS, *et al.*,<br><br>            Defendants. | Civil Action No. 11-1204 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Plaintiff Glenn Winningham, self-described as "a sovereign living soul, a Texas citizen, and thereby an American national, and a holder of the office of 'the people,'" brought the *pro se* Complaint currently before the Court on June 27, 2011. Compl. at 1. For the reasons explained below, the Court dismisses this action *sua sponte* for lack of subject matter jurisdiction.

**I.     BACKGROUND**

The plaintiff, who considers himself "a nation under international law" and "an inhabitant of the land of Texas," brings this action against three named defendants: Zack Willis, a recruiter for Oxford International, a company that allegedly provides contract workers in the technical engineering field; Chris Townes, a manager for Oxford International; and Aaron Graves, a manager for the Federal Express Corporation. Compl. ¶¶ 9-13, 49. According to the Complaint, Willis and Townes are citizens of Florida and Graves is a citizen of Tennessee. *Id.* ¶¶ 9, 10, 13.

The plaintiff appears to allege that these defendants rescinded a job offer to him due to his refusal to provide a Social Security number for a background check during the hiring process. *See id.* ¶¶ 25-32, 37. He claims that it is a felony for an employer to require disclosure of employee Social Security numbers. *Id.* ¶ 73. This legal conclusion, as expressed in the

Complaint, appears to rest on various fanciful claims about the legal status of United States citizenship, a concept which is illegitimate in the plaintiff's eyes. For example, the plaintiff states that the "so-called Fourteenth Amendment is a nullity, because Congress, does not have the authority to revise the Constitution [sic]." *Id.* ¶ 44; *see also id.* ¶ 51 ("[C]orporate commercial hired thugs insisted on falsely accusing the Demandant of being a US citizen as contemplated by the so-called Fourteenth Amendment."); *id.* ¶ 68 ("The Demandant is not a resident of the United States and has never been a resident of the United States, and has never even been in the United States.").

Although the plaintiff describes himself as "an inhabitant of the land of Texas," he does not appear to recognize U.S. authority over Texas. For instance, he has signed the Complaint with a legend indicating that the Complaint was executed "on the land of Texas" and "without the UNITED STATES." *Id.* at 18 (emphasis in original). In addition, he has attached to the Complaint a jurat executed and stamped by a purported notary public of the "Republic of Texas," *id.* at 19, showing, at a minimum, that at least one other individual shares his worldview.

The Complaint also contains allegations related to the supposed illegitimacy of postal zip codes and other cryptic claims whose import is difficult to decipher. *See*, *e.g.*, *id.* ¶ 76 ("ZIP CODES are a martial law jurisdiction, which is by consent ONLY.") (emphasis in original); *id.* ¶ 47 ("The Demandant has in his possession much more than twenty-one dollars in lawful money (twenty-one each, one ounce silver eagle coins with a face value of one dollar each).").

The plaintiff brings his suit pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and 18 U.S.C. § 242. *Id.* ¶¶ 82-83. He is seeking $343,200.00 in actual damages and an additional $5,000,000.00 in punitive damages for alleged harms, and further requests that the defendants "be prosecuted for their multiple felony crimes, and if convicted, jailed . . . ." *Id.* ¶¶ 84-86.

For the reasons detailed below, the Court dismisses the Complaint and all claims therein *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.   DISCUSSION

Plaintiff's claims are subject to dismissal, pursuant to Rule 12(b)(1), on the grounds that they are fundamentally fanciful.  *See Roum v. Bush*, 461 F. Supp. 2d 40, 46–47 (D.D.C. 2006). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit."  *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (internal quotation marks omitted).  Complaints consisting of "fanciful claims," "bizarre conspiracy theories," or allegations of "fantastic government manipulations of [the plaintiff's] will or mind" are generally subject to dismissal on that basis under Rule 12(b)(1). *Best v. Kelly*, 39 F.3d 328, 330-331 (D.C. Cir. 1994); *see also Roum*, 461 F. Supp. 2d at 46-47.

Although the Court is mindful that a *pro se* complaint must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the plaintiff's complaint presents the type of fundamentally unrealistic allegations and assertions that must be dismissed for lack of jurisdiction. *See Roum*, 461 F. Supp. 2d at 46–47 (dismissing complaint for lack of jurisdiction where plaintiff alleged, inter alia, that the FBI began attacking him with lasers and radiation as a result of a dispute between the plaintiff and an insurance company regarding an auto collision); *see also Wilson v. Obama*, No. 10-1290, 2011 WL 958753, at *4 (D.D.C. Mar. 17, 2011).

While the Court recognizes that the plaintiff alleges that the defendants refused to hire him, the lengthy, esoteric allegations of the Complaint do not state a claim that is cognizable by this Court.  Another judge of this Court summarily dismissed a similar complaint previously filed by the same plaintiff on the grounds that that complaint "appears to lack an arguable basis

in either law or fact, and may reflect delusional thinking." *Winningham v. Schulman*, No. 09-2435, 2009 WL 5195947, at *1 (D.D.C. Dec. 30, 2009), *aff'd* 377 Fed. App'x 23 (D.C. Cir. 2010). The D.C. Circuit affirmed the dismissal, noting that "[c]laims like those of appellant, involving bizarre conspiracy theories, or fantastic government manipulations of one's will or mind are obviously frivolous." *Winningham v. Schulman,* No. 10-5039, 377 Fed. App'x 23, 2010 WL 2162604, at *1 (D.C. Cir. May 7, 2010) (internal citations omitted). For the same reason, the Court will dismiss this Complaint in its entirety against all defendants.[1]

DATED: July 6, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[1] The Court notes that the plaintiff's allegations also appear unlikely to provide any basis for venue or personal jurisdiction in this District. None of the parties are alleged to reside in the District of Columbia, nor are any events in the Complaint alleged to have occurred here. *See* Compl. Apparently in light of his views on the illegitimacy of U.S. citizenship and U.S. authority in Texas, the plaintiff brought his suit in this forum because, despite being a resident of Texas, he alleges that he is "not a resident of a federal judicial district. . . ." *Id.* ¶ 8. If this case were to proceed, the Complaint would also likely be subject to dismissal for lack of personal jurisdiction and venue.